UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

FINPAGOS LLC, a limited liability company

    Plaintiff,

v.

JP MORGAN CHASE & CO.

    Defendant.

_____/

## COMPLAINT

Plaintiff, FINPAGOS LLC, ("FINPAGOS"), by and through undersigned counsel, hereby sues Defendant, JP MORGAN CHASE & CO., ("Chase"), a foreign corporation, and alleges as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332 as the matter in controversy exceeds the sum of value of $75,000, exclusive of interests, costs and is between citizens of different states or is between citizens of the state and citizens or subjects of a foreign state.

2. Plaintiff is a limited liability company organized under the laws of the State of Florida.

3. Defendant is a corporation organized under the laws of the State of Delaware, has its principal place of business in New York and is registered in Florida as a foreign profit corporation.

4. Venue is proper in the Southern District of Florida, as the pertinent bank accounts with Chase were opened in Chase's retail branch located in Pembroke Pines, Florida.

5. This Court has personal jurisdiction over Chase because Chase is operating, conducting, engaging in, carrying on a business, has an office in Florida and/or has committed a tortious act in Florida.

**Factual Background**

6. On or around July 2021, Plaintiff opened a checking account with Chase bank through its retail branch located in Pembroke Pines, Florida.

7. Plaintiff, an ecommerce business, opened the account for business purposes.

8. Since July 2021, Plaintiff utilized the account to operate its business.

9. On or around October 2021, Plaintiff attempted to log into the Chase online banking platform but was unable to log in.

10. On or around October 2021, Plaintiff received a letter from Chase bank stating that the account could not be used and was going to be closed soon.

11. The manager of Finpagos, LLC, visited a Chase branch located in Weston, Florida, to inquire about the status of the funds, however, Chase failed to provide the manager of Finpagos LLC with any useful information regarding the status of its account.

12. On or around May 2022, Finpagos LLC, through its owner and manager visited several Chase branch locations in search of any useful information regarding the status of its funds or how Plaintiff might be able to retrieve its funds, however, Chase failed to provide any useful information.

13. Plaintiff was forced to hire an attorney to assist Plaintiff with retrieving it funds. Plaintiff retained the offices of the Protalatin Law Firm, to assist Plaintiff.

14. Chase bank communicated to Plaintiff and counsel from the Protalatin Law Firm that Plaintiff and its attorney needed to execute a legal document, in person, authorizing Plaintiff's

attorney to communicate with Chase bank on Plaintiff's behalf and that the document could only be executed at a Chase branch location in person.

15. On or around December 2022, Plaintiff's and its counsel arrived at the Chase branch located in Broward County, Florida under Chase's instructions to have the document executed, however, the Chase branch employees at the branch informed Plaintiff that Chase did not have any kind of procedure in that regard.

16. Further, the Chase branch employees failed to assist Plaintiff with retrieving its funds and failed to provide Plaintiff with any useful information.

17. Plaintiff then retained the Saltiel Law Group to assist Plaintiff with retrieving its funds from Chase.

18. Saltiel Law Group contacted Chase bank, requested that Chase open a case internally, to which Chase then assigned case no.: ECW-230 206-03966.

19. On March 3, 2023, Chase provided correspondence to Plaintiff stating that in pertinent part:

> The remaining funds of $107,391.55 have been placed in suspense and will not be released until the senders of all ZELLE transactions verify making their deposit(s) to the account. This can be done by the senders stepping into any Chase branch and presenting two forms of acceptable, valid identification.

20. Under information and belief, Plaintiff believes the number of ZELLE transaction was around 800 users and therefore, Plaintiff cannot possibly have all the users for ZELLE transaction appear at a Chase branch to verify their deposits.

21. All conditions precedent to the filing of this action have been met and/or Defendant have waived any conditions precedent to the filing.

22. Defendants conduct has caused Plaintiff to retain the services of the undersigned counsel to represent it in this action.

## **COUNT I – UNJUST ENRICHMENT**

Plaintiff realleges paragraphs 1 through 22 as through fully set forth herein.

23. Defendant has received a benefit by seizing Plaintiff funds and refusing to return Plaintiff's funds.

24. By virtue of Plaintiff having its account with Chase, Chase had knowledge that Plaintiff placed its funds with Chase bank and that Plaintiff has attempted to retrieve its funds.

25. To date, Chase has control and access to Plaintiff's funds and has effectively retained the funds.

26. Since October 2021, Plaintiff has been unable to access its funds.

27. Plaintiffs have exhausted several efforts to obtain information regarding the release of their funds, the status of their issue and steps necessary to have their funds released.

28. The circumstances render Chase's retention of the funds inequitable unless Chase pays Plaintiff the value of the funds.

WHEREFORE, Plaintiff, FINPAGOS LLC, demands a final judgment for damages against Defendant, JP Morgan Chase & Co., together with an award of attorney's fees, cost, interests and such further relief this Court deems just and proper.

## COUNT II - CONVERSION

Plaintiff reallege paragraphs 1 through 22 above as though full set forth herein.

1. Defendant froze Plaintiff's accounts and withheld Plaintiffs funds and were not authorized by Plaintiffs to do so.

2. Defendant has deprived Plaintiffs of their funds permanently or for an indefinite period of time.

3. The deprivation of Plaintiffs funds is inconsistent with Plaintiffs' ownership interest in the funds.

4. Defendant converted Plaintiffs funds to their own by freezing Plaintiffs accounts and refusing to return Plaintiffs funds.

5. Plaintiffs have been damaged as a result of Defendants conduct.

WHEREFORE, Plaintiffs demand final judgment against Defendant, for damages, treble damages, together with an award of attorney's fees, costs and such further relief this Court deems just and proper.

## COUNT III – BREACH OF FIDUCIARY DUTY

Plaintiff reallege paragraphs 1 through 22 above as though full set forth herein.

6. By virtue of being an account holder at Chase, the Defendant owed a fiduciary duty to Plaintiffs.

7. Defendant breached its duties to Plaintiffs by failing to provide Plaintiffs with any useful information regarding the status of their funds.

8. Plaintiffs have been damaged a result of Defendant's conduct.

WHEREFORE, Plaintiffs demand a final judgment for damages against Defendant, together with an award of attorney's fees, costs and such further relief this Court deems just and proper.

## **COUNT IV – INJUNCTIVE RELIEF**

Plaintiff realleges paragraphs 1 through 22 as through fully set forth herein.

29. Plaintiff's ownership rights over their funds have been violated by Defendant.

30. Since October 2021, when Chase bank seized Plaintiff's funds, Plaintiff has been unable to retrieve its funds or receive any useful information from Chase as to how Plaintiff could retrieve its funds.

31. Plaintiff's deprivation of its funds has caused Plaintiff irreparable harm without a legal remedy.

32. Following demand by Plaintiff, Chase bank requested that Plaintiff organize all ZELLE users that have made deposits to Plaintiff's account with Chase, to physically appear at Chase branch for verify the deposits.

33. This request is seemingly impossible for Plaintiff and Plaintiff estimates about 800 users that have made ZELLE deposits to Plaintiff.

34. Defendant will not suffer any damages if a permanent injunction is entered in favor of Plaintiff.

35. Plaintiff has a substantial likelihood of success on the merits of their claim due to the clear violation of their rights as accounts holders and owners of the transferred funds.

WHEREFORE, Plaintiffs demand issuance of a temporary and permanent injunction which orders the Defendant to return the transferred funds to Plaintiffs, together with attorney's fees, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable as of right.

## RESERVATION OF RIGHTS

Plaintiff hereby reserve the right to amend and/or supplement its claims as new information becomes available, including but not limited to punitive damages.

**Dated**: May 15, 2023

                Respectfully submitted,

                By: */s/Moises A. Saltiel*
                    Moises Alejandro Saltiel, Esq.
                    Florida Bar Number: 0109954
                    Attorney for the Plaintiff
                    Saltiel Law Group
                    201 Alhambra Circle, Suite 802
                    Coral Gables, Florida 33134
                    Phone: 305-735.6565
                    Email(s): Service@saltiellawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing Complaint was electronically filed with the Clerk of the Court using the CM/ECF Portal on this 15th day of May 2023.

                By: */s/Moises A. Saltiel*
                    Moises Alejandro Saltiel, Esq.
                    Florida Bar Number: 0109954
                    Attorney for the Plaintiff
                    Saltiel Law Group

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Acts<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent – Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act (TCPA)<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee – Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed (See VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation Transfer ☐ 7 Appeal to District Judge from Magistrate Judgment ☐ 8 Multidistrict Litigation – Direct File ☐ 9 Remanded from Appellate Court

## VI. RELATED/RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO
JUDGE: _____   DOCKET NUMBER: _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE                                       SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY: RECEIPT #          AMOUNT          IFP          JUDGE          MAG JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence**.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit**.  Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case.  Also complete VI.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.** **Related/Refiled Cases**.  This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.  Example: U.S. Civil Statute: 47 USC 553
    Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint**.  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*



A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:



If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                                                                       *Signature of Clerk or Deputy Clerk*